DAVID G. McCLURE v. SALLY ANN HOLBROOK ET AL.

*Mortgage—Undivided parcels.*

A man mortgaged an undivided two-thirds of certain land without inserting covenants of title or warranty. His wife afterwards acquired the other undivided third, to which he had no title when he gave the mortgage. *Held* that she could not be made a defendant to a foreclosure bill. The mortgagee's original rights were not affected, even if the husband furnished the money to pay for the third acquired by her.

Appeal from Barry. Submitted June 7. Decided June 11.

FORECLOSURE. Defendant Sally Ann Holbrook appeals.

*Charles H. Bauer* for complainant appellee.

*G. C. Worth* and *C. G. Holbrook* for defendant appellant.

COOLEY, J. McClure filed his bill to foreclose a mortgage given by John F. Holbrook to Isaac A. Holbrook, October 26, 1868, and by the latter assigned to McClure November 3, 1869. The mortgaged premises were primary school lands, to which no deed had yet been obtained, the purchase price not having been fully paid to the State. It turned out when complainant came

to foreclose his mortgage that an undivided one-third interest in the lands, subject perhaps to a right of dower, was not in the mortgagor when the mortgage was given, but that it had been afterwards purchased and conveyed to Sally Ann Holbrook, the mortgagor's wife.

The complainant made Mrs. Holbrook a party defendant, claiming that the purchase of the one-third interest in the mortgaged lands in her name was really made by her husband, the mortgagor, with his own money, and that therefore it is subject to the mortgage. The court below appears to have found this case made out, and gave a decree foreclosing Mrs. Holbrook's rights on sale being made.

The decree in this particular is erroneous. The mortgage covering an undivided two-thirds of the land only, there was no fraud, and no wrong to the complainant in Mrs. Holbrook acquiring the other third. Even if her husband furnished the means which paid for it, the fact is immaterial; complainant's interest in the land is the same afterwards that it was before; he loses nothing by the change in title, nor can he gain anything thereby. If the mortgage had contained covenants of title or of warranty a different question might possibly have been presented; but it did not.

No other question is presented by the record which requires attention at our hands. The decree as to Sally Ann Holbrook must be reversed with costs of both courts. In all other particulars it will be affirmed. It will then stand as a decree of foreclosure and sale of all that was mortgaged; and complainant can demand nothing more.

The other Justices concurred.