## MICHAEL BRENNAN v. MARIE EGGEMAN ET AL.

*Mortgage—After-acquired title—Foreclosure in equity.*

Where a husband and wife, who were owners under a common deed of the undivided half of a lot of land, mortgaged the *entire* parcel, but without covenants of warranty or title, and

the wife afterwards, and pending foreclosure proceedings in chancery which culminated in the sale of the *entire* lot, acquired the remaining one-half interest therein, such interest cannot be made to inure to the benefit of purchasers under the mortgage. *McClure v. Holbrook*, 39 Mich. 42.

Error to Wayne. (Reilly, J.) Argued January 10, 1889. Decided February 8, 1889.

Ejectment. Plaintiff brings error. Affirmed. The facts are stated in the opinion. ..

*Dickinson, Thurber & Stevenson (W. L. Carpenter* and *Charles S. McDonald,* of counsel), for appellant.

*Otto Kirchner,* for defendants.

SHERWOOD, C. J. This suit is ejectment to recover possession of lot No. 92, block 48, on the Guoin farm, in the city of Detroit.

It appears from the record that on October 23, 1862, John Trollop was the owner in fee of the premises in controversy; that on that day he conveyed the land in question to Henry Miller and Mary, his wife, and Bernard Eggeman and Marie, his wife. Bernard Eggeman and wife executed a mortgage covering the entire lot to John K. Harrow and Come Allen, on December 7, 1866. This mortgage was foreclosed in chancery. The bill was filed and subpœna issued December 6, 1871, and decree of foreclosure was entered on October 8, 1873, for the sale of the whole lot. The defendants' appearance was entered, and the bill was taken as confessed for want of an answer. The property was sold by a commissioner, and an order was entered, confirming the sale, on August 27, 1874. Pending these proceedings Mrs. Miller died, and thereafter, on November 11, 1872, Henry Miller died, leaving a will, whereby he devised all his real estate to

the defendant Marie Eggeman, and which was duly probated on May 25, 1874.

The plaintiff claimed by mesne- conveyances from the purchasers at the foreclosure sale, and who were the mortgagees. The circuit judge directed a verdict in favor of the plaintiff for an undivided one-half of the property mentioned in the plaintiff's declaration. Plaintiff brings error. Defendants Gillman and Wirth claimed by virtue of tax titles. Mrs. Eggeman was in possession of the property, and defendants Augsbach were her tenants.

At the time of the execution of the mortgage Bernard Eggeman and his wife were seized of an undivided one-half interest in the property in question, and Henry Miller owned the other half. There were no covenants of title or of warranty in the mortgage, and none can be implied.

Section 6708, How. Stat., provides that the conveyance made upon the foreclosure of a mortgage in chancery—

"Shall vest in the purchaser the same estate that would have vested in the mortgagee if the equity of redemption had been foreclosed, and no other or greater."

The subsequently acquired interest by Mrs. Eggeman cannot be made to inure to the benefit of the purchasers under the mortgage. *McClure v. Holbrook*, 39 Mich. 42.

The judgment must be affirmed.

The other Justices concurred.